UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTEM ANDRIANUMEARISATA,<br><br>Plaintiff,<br><br>v.<br><br>TWIN FALLS DIVISION OF MOTOR VEHICLES,<br><br>Defendant. | Case No. 1:21-cv-00429-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Plaintiff Artem Andrianumearisata's Petition to Originate a Fee Compensation (Dkt. 2) and Motion to Resume Pursuance (Dkt. 5). The Court will construe these motions as a motion to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, the Court must review Andrianumearisata's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013)..

**MEMORANDUM DECISION AND ORDER - 1**

## LEGAL STANDARD

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal ... without prepayment of fees or security therefor." 28 U.S.C. 1915(a)(1). In order to qualify for in forma pauperis status, Plaintiff must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, although the Plaintiff has provided some information about his finances and lack of employment, it was not submitted in the form of an affidavit as required by the statute. Plaintiff filed a single paragraph motion requesting to proceed without payment of the filing fee in this action. Attached to the motion are photos of two bank cards and what appear to be receipts reflecting the available balance of his bank accounts. In his second motion, he explains that he has been unemployed since July of 2021. He has not provided any information on his

income, debts, liabilities, and expenses. Similarly, it is not clear from these motions whether he has any additional assets. Without this information, the Court is unable to determine if the Plaintiff should be allowed to proceed in forma pauperis.

Accordingly, the Court will deny both motions without prejudice. The Court will allow the Plaintiff 30 days to either pay the full filing fee or file another application, under oath, which complies with the standards described in this decision. The Plaintiff should utilize the Court's standard form if he elects to renew his request.[1]

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Petition to Originate a Fee Compensation (Dkt. 2) is **DENIED WITHOUT PREJUDICE**. The Court grants Plaintiff leave to either file an application which complies with this order or pay the full filing fee within 30 days of the issuance of this order. Failure to file an application complying with this

---

[1] The Court's standard form "In Forma Pauperis Application" can be found at the following link under "Civil Forms":
https://www.id.uscourts.gov/district/forms_fees_rules/Civil_Forms.cfm.

decision or pay the filing fee within 30 days will result in dismissal of the case without further notice.

    2.    Plaintiff's Motion to Resume Pursuance (Dkt. 5) is **DENIED**.

    3.    The Clerk is directed to mail a copy of the In Forma Pauperis Application to Plaintiff at the address on file with the Court.

DATED: February 2, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**